**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———

**No. 15-1981**

———

In Re:  CHASE CARMEN HUNTER,

Appellant.

———

**No. 15-1985**

———

In Re:  CHASE CARMEN HUNTER,

Appellant.

———

**No. 15-2128**

———

In Re:  CHASE CARMEN HUNTER,

Appellant.

———

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:15-cv-00414-HEH; 3:15-cv-00336-HEH; 3:15-cv-00206-HEH)

———

Submitted:  January 26, 2016          Decided:  April 7, 2016

———

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

———

Dismissed by unpublished per curiam opinion.

---

Chase Carmen Hunter, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Chase Carmen Hunter challenges the district court's dismissal of Hunter's complaints as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) (2012). On appeal, Hunter argues that (1) the district judge should have recused himself, (2) the district court's orders did not comply with Fed. R. Civ. P. 52(a)(1) or 58, and (3) she is entitled to the relief sought.

Because Hunter failed to seek recusal in the district court, she has failed to preserve this issue for appellate review. Accord Flame S.A. v. Freight Bulk Pte. Ltd., 807 F.3d 572, 592 (4th Cir. 2015). We discern no exceptional or extraordinary circumstances in this case justifying review of this issue on its merits. Id.; see Corti v. Storage Tech. Corp., 304 F.3d 336, 343 (4th Cir. 2002) (Niemeyer, J., concurring) ("[I]t remains the law of this circuit that when a party to a civil action fails to raise a point at trial, that party waives review of the issue unless there are exceptional or extraordinary circumstances justifying review.").

We next review for abuse of discretion the district court's decision to dismiss Hunter's petitions under § 1915(e)(2)(B)(i). Michau v. Charleston Cty., 434 F.3d 725, 728 (4th Cir. 2006) (identifying standard of review). Hunter contends that the district court's order should be overturned because, by failing

3

to make specific findings of fact, it did not comply with Fed. R. Civ. P. 52(a)(1) or 58. Hunter misconstrues these rules. Rule 52(a)(1) requires that a district court, "[i]n an action tried on the facts without a jury or with an advisory jury, . . . find the facts specially and state its conclusions of law separately," and enter judgment in accordance with Rule 58. Fed. R. Civ. P. 52(a)(1). Rule 58 provides general rules regarding the entry of judgment. Fed. R. Civ. P. 58. The district court violated neither of these rules. Because the action did not go to trial, Rule 52(a)(1) is inapplicable. Rule 58 does not require the district court to make findings of fact.

In her final argument, Hunter reiterates the allegations contained in her petitions for declaratory judgment, and claims that she was entitled to relief. First, the district court properly found that the relief she sought in her first petition had already been denied by the district court, and was subsequently denied by this court. In re: Hunter, No. 3:14-cv-00648 (E.D. Va. PACER Nos. 2, 4), aff'd, 621 F. App'x 253 (4th Cir. 2015) (No. 14-2062). Second, we find no error in the district court's dismissal of Hunter's conclusory challenge to the constitutionality of a Virginia statute. Finally, we agree with the district court's determination that it lacked jurisdiction to grant the relief sought in her third petition. See Davani v. Va. Dep't of Transp., 434 F.3d 712, 718-19 (4th

4

Cir. 2006) (holding that "state-court loser" seeking redress in federal district court asserts claim that "is, by definition, 'inextricably intertwined' with" state court decision and therefore outside federal court's jurisdiction).

Hunter has filed numerous frivolous appeals and petitions for mandamus in the last two years. Hunter is warned that similar filings in the future may result in issuance of an order to show cause why a prefiling injunction or other sanctions should not be entered against her by this court.

We dismiss Hunter's appeals as frivolous. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED